UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LATRICIA NEWBERRY,

       Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

Case No. 3:16-cv-236

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY
FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING
THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42
U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION;
AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 11), Plaintiff's reply (doc. 12), the administrative record (docs. 6 and 7),[1] and the record as a whole.

**I.**

**A.**    **Procedural History**

Plaintiff filed for SSI on December 22, 2009 (PageID 166-69) alleging disability as a result of a number of alleged impairments including, *inter alia*, major depressive disorder, posttraumatic stress disorder ("PTSD"), borderline intellectual functioning ("BIF"), bipolar disorder, lumbago, and scoliosis. PageID 708.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ Mary Withum on April 27, 2012. PageID 68-99. ALJ Withum issued a written decision on September 11, 2012 finding Plaintiff not disabled. PageID 48-62. Thereafter, the Appeals Council denied Plaintiff's request for review. PageID 32-34. On appeal to this Court, Judge Rice adopted the Report and Recommendation of Judge Ovington, who found ALJ Withum's non-disability finding unsupported by substantial evidence. *Newberry v. Colvin*, No. 3:14CV00080, 2015 WL 4365954, at *7 (S.D. Ohio July 16, 2015), *report and recommendation adopted*, No. 3:14CV00080, 2015 WL 4639754 (S.D. Ohio Aug. 4, 2015). As a result, the case was remanded to the ALJ for further proceedings. *Newberry v. Colvin*, No. 3:14CV00080, 2015 WL 4639754, at *1 (S.D. Ohio Aug. 4, 2015).

On remand, Plaintiff received a hearing before ALJ Mark Hockensmith on February 1, 2016. PageID 727-66. ALJ Hockensmith issued a written decision on March 16, 2016, again finding Plaintiff not disabled. PageID 706-25. Specifically, ALJ Hockensmith found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 706-18.

Plaintiff did not seek Appeals Council review of ALJ Hockensmith's decision, and instead elected to file a complaint in this Court. *See* 20 C.F.R. § 416.1484(d) (stating that, in a case remanded by a federal court, "[i]f no exceptions are filed and the Appeals Council does not

---

[2] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c). An individual who can perform medium work is presumed also able to perform sedentary and light work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 416.967(a). Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 416.967(b).

assume jurisdiction of [the] case, the decision of the [ALJ] becomes the final decision of the Commissioner after remand"). This case is now before the Court on Plaintiff's timely appeal.

## B. Evidence of Record

The evidence of record is adequately summarized in ALJ Hockensmith's decision (PageID 706-18), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 11), and Plaintiff's reply (doc. 12). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

## A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its

own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

## B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 416.920(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.     Has the claimant engaged in substantial gainful activity?

2.     Does the claimant suffer from one or more severe impairments?

3.     Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4.     Considering the claimant's RFC, can he or she perform his or her past relevant work?

5.     Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

# III.

In her Statement of Errors, Plaintiff argues that ALJ Hockensmith (hereafter "ALJ") erred by: (1) rejecting the opinion of examining psychologist Giovanni M. Bonds, Ph.D.; (2) improperly explaining the weight accorded to the opinions of record reviewers Douglas Pawlacryzk, Ph.D. and David Demuth, M.D.; and (3) finding Plaintiff not entirely credible. Doc. 9 at PageID 1327-34. Because the first error is dispositive, the Court does not address the merits of Plaintiff's remaining two alleged errors and, instead, directs that such alleged errors be addressed on remand.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference. 20 C.F.R. § 404.1527(c)(2). In cases like this, however, where there are no treating medical source opinions of record, an ALJ must evaluate all examining and record-reviewing medical source opinions under the factors set forth in 20 C.F.R. § 416.927(c). Those factors include length of treatment history with each source; the consistency of the medical source's opinion with other evidence in the record; the degree to which each medical source "presents relevant evidence" and explanations in support their opinion; and the specialty or expertise each medical source has in the field related to the individual claimant's impairments. *Id.*

In this case, Dr. Bonds examined Plaintiff on May 12, 2010, and concluded that she was markedly impaired[3] in her ability to "relate to peers, supervisors or the public" and in her ability

---

[3] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

"to withstand the stress and pressure associated with day to day work activities[.]" PageID 425-26. Dr. Bonds also found Plaintiff moderately limited in her ability "to maintain attention, concentration, persistence and pace to perform simple repetitive tasks." PageID 426. Notably, in examining Plaintiff, Dr. Bonds assessed a Global Assessment of Functioning ("GAF")[4] score of 50 with regard to Plaintiff's symptom severity, as well as a GAF score of 55 with regard to her functional abilities. PageID 425.

In analyzing Dr. Bonds's opinion, the ALJ gave it "little weight," finding that:

> [His] opinion is internally inconsistent in that he states that the claimant is only moderately limited in her functioning but then proceeds to report marked limitations. While the IQ scores do suggest possible limitations in her concentration, persistence, and pace, marked limitations in the claimant's ability to handle stress are not supported. This conclusion is supported by the claimant's ability to care for a two-year-old child on her own, her history of not being terminated from a job for any mental impairment, and her testimony that she is able to handle things better when taking her medications as prescribed.

PageID 715. The ALJ also noted that Plaintiff's "appearance at the consultative examination and the hearing also did not suggest marked social functioning." PageID 715-16.

Initially, the undersigned finds error insofar as the ALJ found Dr. Bonds's report internally inconsistent. In so concluding, the ALJ improperly focused on the GAF score of 55 assessed with regard to Plaintiff's functional abilities -- a score indicative of moderate impairment. PageID 425, 715. However, a GAF score is merely a "snapshot of a person's

---

[4] GAF is a tool used by health care professionals to assess a person's psychological, social, and occupational functioning on a hypothetical continuum of mental illness. Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000) ("DSM-IV"). "The most recent (5th) edition of the Diagnostic and Statistical Manual of Mental Disorders does not include the GAF scale." *Judy v. Colvin,* No. 3:13-cv-257, 2014 WL 1599562, at *11 (S.D. Ohio Apr. 21, 2014); *see also* Diagnostic and Statistical Manual of Mental Disorders 16 (5th ed. 2013) ("DSM-V") (noting recommendations "that the GAF be dropped from [DSM-V] for several reasons, including its conceptual lack of clarity ... and questionable psychometrics in routine practice"). As set forth in the DSM-IV, a GAF score of 41-50 indicates "[s]erious symptoms (*e.g.,* suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (*e.g.,* no friends, unable to keep a job). " *Id.* A GAF score of 51-60 is indicative of "[m]oderate symptoms (*e.g.,* flat affect and circumstantial speech, occasional panic attacks)" or "moderate difficulty in social, occupational, or school functioning (*e.g.,* few friends, conflicts with peers or co-workers)." *Id.*

'overall psychological functioning' at or near the time of evaluation[,]" and its relevance "is isolated to a relatively brief period of time[.]" *Laning v. Comm'r of Soc. Sec.*, No. 3:15-CV-75, 2016 WL 1729650, at *6 (S.D. Ohio Mar. 28, 2016) (citing *White v. Colvin*, No. 3:13CV00171, 2014 WL 2813310, at *10 (S.D. Ohio June 23, 2014)). As a result, courts conclude that GAF scores have "little value in assessing disability." *Id.* (citations omitted). Accordingly, it is generally improper for an ALJ to rely on a GAF score to discredit a medical source's specific opinion about an individual's work-related abilities and limitations. *Mosley v. Comm'r of Soc. Sec.*, No. 3:14-CV-278, 2015 WL 6857852, at *5 (S.D. Ohio Sept. 14, 2015) (citations omitted).

The undersigned also finds, absent further explanation by the ALJ, that reliance on Plaintiff's purported ability to care for her two-year-old child is insufficient to undermine Dr. Bonds's opinion concerning Plaintiff's ability to handle stress. Plaintiff testified that, at home, she has regular help from both her mother and her best friend. PageID 753-54. For example, when Plaintiff takes her son to the park, her best friend accompanies them and supervises the child while Plaintiff remains in the car. PageID 753. Both Plaintiff's mother and her best friend check on Plaintiff and her son daily, as well as communicate with Plaintiff via phone calls and text messages throughout the day. PageID 752-53. Moreover, Plaintiff stated that, at times, she "can barely handle being around [her] son." PageID 755. Such testimony appears to support, rather than undermine, Dr. Bonds's opinion.

Moreover, the ALJ's reliance on the fact Plaintiff has not been terminated from employment because of a mental impairment is also insufficient to undermine Dr. Bonds's opinion. Although Plaintiff has not been terminated, the record reveals she has quit jobs because of her inability to handle stress. PageID 739-42, 773-74. In fact, Plaintiff testified that, on multiple occasions, she had to leave her job as a janitor because she was "too stressed." PageID 742. Plaintiff specifically testified she informed her supervisor on those occasions that she had

to leave work because there were "too many people" and "too much going on." *Id.* Plaintiff also quit a job at McDonald's finding the job "very overwhelming[,]" "too stressful[,]" and difficult to get along with her coworkers. PageID 774. Again, Plaintiff's testimony concerning her past employment appears to support, rather than undermine, Dr. Bonds's opinion regarding her work-related limitations.

Finally, the ALJ's reliance upon Plaintiff's appearance at the consultative examination and administrative hearing is insufficient to undermine Dr. Bonds's opinion.[5] With regard to Plaintiff's appearance at the consultative exam, the Court notes that Judge Ovington previously found the ALJ's reliance in this regard was improper. *See Newberry*, 2015 WL 4365954, at *5 (noting that an "ability to be 'pleasant' during a psychological examination is not evidence adverse to a marked mental work limitation"). The same is true with regard to Plaintiff's appearance at the administrative hearing. *Vondenberger v. Comm'r of Soc. Sec.*, No. 3:14-cv-202, 2015 WL 3867447, at *12 (S.D. Ohio June 23, 2015) (stating that an "ALJ's lay observations of Plaintiff during a 1–hour administrative hearing have no probative value regarding Plaintiff's ability to function on a sustained basis").

Based upon the foregoing, the undersigned concludes that the ALJ's non-disability finding is unsupported by substantial evidence and should be reversed.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C.

---

[5] Further, the evidence also shows that Plaintiff was nervous and tense during her consultation with Dr. Bonds, who noted that she clasped her hands together tightly during the examination. PageID 422. In addition, during the administrative hearing, Plaintiff was noted to be shaking her leg and wringing her hands. PageID 757.

§ 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).  In this instance, factual issues remain and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   September 12, 2017                             s/ Michael J. Newman
                                                     Michael J. Newman
                                                     United States Magistrate Judge